[Cite as *State v. Patterson*, 2012-Ohio-5511.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98127

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH PATTERSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555911

**BEFORE:** Celebrezze, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Lauren Bell
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Kenneth Patterson, appeals from his convictions and sentence rendered in the Cuyahoga County Court of Common Pleas. After a thorough review of the record and law, we affirm appellant's convictions and sentence, but remand to allow appellant to move the court for waiver of court costs.

**{¶2}** Appellant was indicted on November 1, 2011, in a five-count indictment charging two counts of felonious assault, in violation of R.C. 2903.11(A)(2), felonies of the second degree; assault, in violation of R.C. 2903.13(A), a felony of the fourth degree, with a furthermore specification naming the victim as a police officer; domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree; and aggravated menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree.

**{¶3}** Appellant's jury trial commenced on February 7, 2012. At trial, the victim, Monica Farmer, testified that she dated appellant for ten years and lived with him for approximately nine years. On October 23, 2011, appellant and Farmer engaged in a verbal altercation after Farmer ended their relationship and asked appellant to leave the apartment. During the altercation, appellant told Farmer, " I know what you want me to do. You want me to put my hands on you, but I'm not going to do it. I got a bitch that's going to whoop your ass." Farmer testified that appellant's tone was "evil" and that she took his threat seriously and believed he would hurt her. Farmer responded to appellant's threats by stating that she had someone "to put a bullet in him." At that point,

appellant struck Farmer in the face with his fist. Farmer testified that the slap was hard and left a red mark.

{¶4} On being struck, Farmer immediately called the police. She then opened the door of her apartment and called for her daughter, who lived down the hallway. Farmer's daughter and nephew came to her apartment. Once inside the apartment, Farmer's nephew, Devon Petway, told appellant to leave. Appellant ignored Petway's demand and went into the kitchen and grabbed three knives. Farmer testified that appellant exited the kitchen with the knives above his head and "came after" her and her family members in the living room. In an effort to protect themselves, Farmer and Petway struggled to grab appellant's hands and suffered cuts to their fingers and arms in the process.

{¶5} Officer John Donitzen of the East Cleveland Police Department testified that he and his partner arrived at the parties' apartment complex on October 23, 2011, after receiving a radio dispatch indicating that a male had assaulted his girlfriend. He stated that as he approached the south side of the apartment complex, he could hear a male and two females arguing inside the building. He testified that he heard a voice, later learned to belong to appellant, threaten to "fuck a bitch up." As Officer Donitzen entered the apartment, he observed appellant holding Farmer by the front of her blouse as he struck her in her face with a closed fist. Officer Donitzen ordered appellant to stop, and appellant turned towards the officers and attempted to hit Officer Donitzen. Appellant was physically restrained by the officers and placed under arrest.

**{¶6}** At the conclusion of appellant's trial, the jury returned a verdict of guilty on all counts as charged in the indictment. On February 23, 2012, the trial court imposed a sentence of time served on the aggravated menacing charge, 30 months on the charge of domestic violence, one year on the assault charge, and two years on each charge of felonious assault. The trial court ran all sentences concurrently with each other, for a total imprisonment of 30 months. In a separate journal entry dated February 23, 2012, the trial court assessed $2,359.20 in court costs to appellant.

## Law and Analysis

### I. Court Costs

**{¶7}** In his first assignment of error, appellant argues that he was denied due process of law when the trial court failed to assess court costs in open court, and yet costs were assessed in the judgment entry. In support of his argument, appellant cites to the Ohio Supreme Court's decision in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

**{¶8}** In *Joseph*, the court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id*. at ¶ 22. The court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id.* The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id*. at ¶ 23; *State v. Mays*, 2d Dist. No. 24168, 2012-Ohio-838, ¶ 17.

**{¶9}** The state concedes that the trial court failed to assess costs in open court. Therefore, appellant's first assignment of error is sustained. This matter is remanded to the trial court to allow appellant to move the court for waiver of court costs.

## II. Sufficiency and Manifest Weight of the Evidence

**{¶10}** In his second and third assignments of error, appellant contends that the state's evidence against him was not sufficient and that his convictions were against the manifest weight of the evidence.

**{¶11}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

**{¶12}** "A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion." *State v. Ponce*, 8th Dist. No. 91329, 2010-Ohio-1741, ¶ 17, quoting *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact

clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *Thompkins, supra.*

{¶13} We are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

{¶14} Appellant limits his sufficiency and manifest weight arguments to his convictions for aggravated menacing, domestic violence, and felonious assault. In order to convict appellant of these offenses, the state was required to present sufficient evidence on each element of the crimes.

{¶15} Under R.C. 2903.21(A), aggravated menacing, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of another, the other's unborn, or a member of the other person's immediate family."

**{¶16}** Domestic violence, pursuant to R.C. 2919.25(A), reads: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household   member."

**{¶17}** Finally, felonious assault, pursuant to R.C. 2903.11(A)(2), states: "[n]o person shall knowingly * * * cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

**{¶18}** In this case, viewing the evidence presented in a light most favorable to the prosecution, the test for sufficiency was met.   The testimony presented at trial established that on October 23, 2011, appellant and Farmer engaged in a verbal altercation inside their apartment in Cleveland, Ohio.   Over the course of the argument, appellant threatened to have a third party cause Farmer physical harm on his behalf.   Farmer testified that she took appellant's threats seriously and believed he would hurt her. Following appellant's threats, the altercation quickly turned violent when appellant struck Farmer across her face with his fist, leaving a red mark.   Subsequently, appellant "came after" Farmer and her family members with knives he retrieved from the kitchen.   Farmer and her nephew, Petway, managed to escape the attack with minor cuts before the police officers arrived at the scene and placed appellant under arrest.

**{¶19}** From this evidence, a reasonable fact finder could find that appellant knowingly caused Farmer to believe that he would cause her serious physical harm when he threatened to have a third party "whoop her ass."   Further, the evidence presented at trial established that appellant knowingly caused Farmer physical harm when he struck her across the face with his fist.   Finally, the evidence presented at trial established that appellant knowing attempted to cause, and did in fact cause, Farmer and Petway physical

harm by means of a deadly weapon when he "came after" them with knives and ultimately "cut" them in the process. The fact that appellant did not successfully "stab" Farmer or Petway does not impact our analysis. The evidence was therefore sufficient to establish the elements of aggravated menacing, domestic violence, and felonious assault.

{¶20} Based on the foregoing, we find that the state presented sufficient evidence to sustain appellant's aggravated menacing, felonious assault, and domestic violence convictions.

{¶21} Furthermore, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against appellant's conviction. The jury, as the trier of fact, was in the best position to weigh the credibility of the witnesses and was free to find the testimony of Farmer and the corroborating witnesses to be credible. Moreover, we are unable to accept appellant's position that the manifest weight of the evidence demonstrates that he was acting in self defense. Contrary to appellant's arguments, the record reflects that appellant was the aggressor in this matter, and we find nothing in Farmer's testimony to conclude otherwise. Deferring to the jury's assessment of the credibility of the witnesses, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting appellant of aggravated menacing, felonious assault, and domestic violence.

{¶22} Appellant's second and third assignments of error are overruled.

### III. Ineffective Assistance of Counsel

**{¶23}** In his fourth assignment of error, appellant argues that he received ineffective assistance of counsel based on defense counsel's failure to object to leading questions regarding appellant's prior bad acts.

**{¶24}** In order to sustain an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶25}** As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

**{¶26}** This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is questionable and

appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 2001-Ohio-26, 744 N.E.2d 163.

**{¶27}** In the instant matter, appellant contends that he received ineffective assistance of counsel based on his defense counsel's failure to object to Farmer's testimony that there had "been a lot of domestic violence" throughout her relationship with appellant. Appellant further asserts that it was ineffective assistance to allow Officer Donitzen to testify that he had been to the parties' apartment on a previous occasion and that he was familiar with the layout of the apartment complex. Appellant submits that defense counsel's failure to object to these comments allowed the jury to hear multiple references to appellant's alleged criminal propensity. We disagree.

**{¶28}** Generally, "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." *State v. Ford*, 8th Dist. No. 88236, 2007-Ohio-2645. In this case, we consider defense counsel's failure to object a tactical decision, and appellant has not demonstrated that such failure to object was not sound trial strategy. On review, the record reflects that defense counsel utilized Farmer's volatile description of her relationship with appellant to further the defense's position that Farmer was the aggressor in the altercation. Further, we are unable to characterize Officer Donitzen's statements regarding his prior dealings at the parties' apartment complex as an impermissible reference to appellant's alleged criminal propensity. Officer Donitzen's statements regarding his familiarity with the apartment complex were merely made in the midst of providing his account of the facts in this

matter. His comments had no bearing on appellant's prior acts, and defense counsel had no basis to object to them at trial.

{¶29} Moreover, as discussed, there was sufficient evidence to support appellant's convictions. Accordingly, appellant has failed to demonstrate that the outcome of the trial would have been different without the introduction of the contested statements. Based on the foregoing, we do not find that defense counsel's performance rose to the level of ineffective assistance of counsel.

{¶30} Appellant's fourth assignment of error is overruled.

### IV. Allied Offenses

{¶31} In his fifth assignment of error, appellant argues that the trial court acted contrary to law by imposing his sentence without applying Ohio's allied offense statute. He maintains that the trial court should have merged his felonious assault, aggravated menacing, and domestic violence convictions.

{¶32} Under Ohio law, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However, R.C. 2941.25(B) provides that

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶33} This statute, enacted in 1974, "codified the judicial doctrine of merger" and "prohibited the 'cumulative punishment of a defendant for the same criminal act where

his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed.'" *State v. Ware*, 63 Ohio St.2d 84, 86, 406 N.E.2d 1112 (1980), quoting *State v. Roberts*, 62 Ohio St.2d 170, 172-173, 405 N.E.2d 247 (1980).

{¶34} The Ohio Supreme Court set forth the analysis for determining whether offenses are allied offenses subject to merger in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson*, the court overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, and held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at the syllabus. It explained the test as follows:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. (Internal citations omitted.)

*Id.* at ¶ 48-51.

**{¶35}** Applying the *Johnson* analysis to this case, we find no plain error by the trial court's failure to merge the offenses. On review of the record, we find that appellant's convictions for aggravated menacing, felonious assault, and domestic violence were predicated on separate and distinct acts. Although they occurred near each other in time, the facts supporting each conviction demonstrate that they were committed with a separate animus. As discussed, appellant's aggravated menacing conviction stemmed from his threat to have a third party cause Farmer bodily harm. On completion of that act, the events escalated, and appellant later committed the act of domestic violence by striking Farmer in the face with his fist. Finally, appellant's felonious assault convictions were based on his subsequent act of attacking two separate victims with knives. *See State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶ 14, quoting *State v. Poole*, 8th Dist. No. 80150, 2002-Ohio-5065, ¶ 33 ("'felonious assault is a crime defined in terms of conduct toward another and * * * where there are two victims, there is a dissimilar import for each person and the two charges of felonious assault are not allied offenses of similar import'").

**{¶36}** Based on the foregoing, we conclude that the offenses were not allied offenses of similar import subject to merger. Consequently, the trial court did not err by imposing a sentence on each offense.

**{¶37}** Appellant's fifth assignment of error is overruled.

**{¶38}** Accordingly, we affirm appellant's convictions and sentence, but remand this matter to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR