[Cite as *State v. Ayers*, 2013-Ohio-2998.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98927**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONALD AYERS

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-548318 and CR-555008

**BEFORE:** Jones, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:   Terrence K. Scott
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brian R. Radigan
         Christopher D. Schroeder
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Ronald Ayers, appeals the trial court's failure to inform him that failure to pay court costs may result in the imposition of community service. We reverse.

**{¶2}** In 2012, Ayers pleaded guilty in Case No. CR-548318 to one count of rape and pleaded guilty in Case No. CR-555008 to one count of sexual battery. The trial court sentenced him to a total of eight years in prison and classified him as a Tier III sexual offender. The sentencing court ordered Ayers to pay court costs but waived the fine.

**{¶3}** Ayers filed a timely appeal, raising the following assignments of error, which will be combined for review:

> [I]. The trial court erred by imposing court costs without notifying Mr. Ayers that his failure to pay such costs may result in the court's ordering him to perform community service.

> [II]. The trial court committed plain error and denied Mr. Ayers due process of law when it imposed court costs without proper notification that Mr. Ayers' failure to pay court costs may result in the court's ordering him to perform community service.

**{¶4}** In the assigned errors, Ayers argues that the trial court erred in imposing court costs without also informing him that his failure to pay the costs may result in the imposition of community service. The state concedes the error.

**{¶5}** R.C. 2947.23(A)(1)[1] governs judgments for costs and provides:

---

[1] Am.Sub.H.B. No. 247, Section 1, effective March 22, 2013, amended R.C. 2947.23(A)(1) making the provision applicable only when the court sentences an offender to community control or

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶6} The statutory language is clear; the "notice is mandatory and * * * a court is to provide this notice at sentencing." *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 10.

{¶7} In this case, the trial court failed to inform Ayers that if he did not pay his court costs, the trial court could impose community service.

{¶8} Ayers claims that the remedy for the trial court's error is for this court to vacate the imposition of court costs and inform the trial court that it may not impose community service requirements. We disagree. The appropriate remedy in cases such

other nonresidential sanction. Since Ayers was sentenced in 2012, the former version of the statute applies.

as these where a trial court fails to provide the notice required by R.C. 2947.23(A)(1) is to vacate the portion of the trial court's entry relative to court costs and remand the case to the trial court for resentencing only as to the issue of court costs. *State v. Adams*, 8th Dist. No. 95439, 2011-Ohio-2662, ¶ 3; *see also State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818.

{¶9} The assignments of error are sustained.

{¶10} The judgment of the trial court is reversed to the extent that the trial court failed to inform Ayers of the consequences of not paying court costs. The case is hereby remanded. On remand, a hearing shall be held for only the proper notification of the penalty for a failure to pay court costs.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR