[Cite as *State v. Ford*, 2014-Ohio-4210.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100772

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY FORD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573888-A

**BEFORE:** Stewart, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEY FOR APPELLANT**

Guy D. Rutherford
614 W. Superior Avenue, Suite 940
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Maxwell Martin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Anthony Ford requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} Ford pleaded guilty to two counts of aggravated vehicular homicide and one count of aggravated vehicular assault in connection with an incident where he struck a truck, causing the death of its two occupants, and injuring others whose vehicles were in turn struck by the truck. Ford asked the court to merge the aggravated vehicular homicide counts on grounds that the two deaths were the result of one action. The court refused and that refusal is the sole assignment of error.

{¶3} The court did not err by refusing to merge the aggravated vehicular homicide counts. In *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499, ¶ 28 (8th Dist.), *motion to certify granted*, 137 Ohio St. 3d 1458, 2013-Ohio-4657, this court found that when an offense is defined in terms of conduct toward another, the court may impose multiple sentences for a single act committed against multiple victims. *Id.* at ¶ 22; *see also State v. Young*, 8th Dist. Cuyahoga No. 99752, 2014-Ohio-1055, ¶ 27 (collecting cases).

{¶4} As defined in R.C. 2903.06(A), vehicular homicide prohibits one from causing the death of another while operating a motor vehicle. It is thus defined in terms of conduct toward another. Consistent with the decision in *Rogers*, we find that two

counts of aggravated vehicular homicide arising from a single incident in which Ford's vehicle struck and killed two passengers in the same vehicle, do not merge for sentencing.

**{¶5}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR