[Cite as *State v. Hill*, 2016-Ohio-8529.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                   Court of Appeals No. L-16-1086

      Appellee                          Trial Court No. CR0200402741

v.

Tyrice Hill                                     **DECISION AND JUDGMENT**

      Appellant                         Decided:  December 30, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Frank H. Spryszak
and Evy M. Jarrett, Assistant Prosecuting Attorneys, for appellee.

Tyrice Hill, pro se.

* * * * *

This appeal is pending before this court upon the accelerated calendar.  This

judgment entry is not an opinion of the court.  *See* S.Ct.R.Rep.Op. 2; App.R. 11.1(E); 6th

Dist.Loc.App.R. 12.

This filing is appellant's seventh successive appeal to this court in connection to appellant's 2005 felony convictions for committing six armed robberies of Toledo businesses and residents throughout the summer of 2004. Although appellant confessed to the crimes, was convicted, and the convictions have been affirmed multiple times on direct appeal, the record shows that appellant systematically files substantively redundant motions to the trial court that have been previously rejected, and the denials of the motions have been affirmed by this court, in this long ago concluded case.

On February 17, 2016, appellant filed a fifth motion to vacate an allegedly void sentence. The record reflects that four of appellant's total of seven appeals in this matter have stemmed from substantively analogous motions challenging appellant's plea and sentence for alleged impropriety in connection to post release control.

This court has repeatedly and clearly determined that appellant was properly furnished the requisite statutory post release control notification. In conjunction with this, this court has likewise repeatedly determined that appellant has not been prejudiced in any way whatsoever in connection to claimed issues connected to post release control.

In the instant appeal, appellant again recycles subjective and baseless allegations with no basis in fact or law. For example, appellant asserts in the instant appeal, "[W]hat the judge was trying to do is confuse this court about the arguments Hill made, and discourage Hill from appealing the ruling." Appellant goes on to state, "Hill knew that the judge lie[d] about the amount of time she could sanction him."

2.

Although appellant concedes that he confessed to committing the underlying crimes, he denies that the repeat filing of substantively identical motions and appeals over the course of the last decade reflects an effort to improperly continue the case in perpetuity.

On the contrary, the record in this matter, particularly appellant's pro se briefs, reflect that re-litigating the same rejected, unsupported claims and arguments is the only conceivable purpose of appellant's filings. As stated by the trial court in denying appellant's latest motion, "What is more troubling is the fact that the defendant also intentionally did not disclose the fact that on June 9, 2015, the trial court found that the defendant [had been furnished sufficient notice of post release control]."

Appellant's impulsive filing of repetitive motion filings is revealed in the blank assertion in the instant case that, "[T]he judge now must have something against Hill by the unfair treatment she continues to give Hill with the rulings she issues on his motions." Adverse rulings by the trial court in response to the repeated filing of substantively identical motions to withdraw plea and to vacate sentence in no way constitutes a legitimate legal basis for a continuation of this properly concluded case. Appellant's subjective belief in trial court animus does not constitute evidence or a valid reason to hold the conclusion of this matter in abeyance.

Accordingly, we find that pursuant to the law of the case doctrine, as well as res judicata, appellant's arguments are barred and this appeal is found not well-taken.

3.

Therefore, we affirm the trial court's March 28, 2016 trial court judgment denying appellant's fifth motion to vacate sentence. Costs shall be taxed to appellant under App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                        JUDGE
Thomas J. Osowik, J.

                                                           _____
Stephen A. Yarbrough, J.                                         JUDGE
CONCUR.

                                                           _____
                                                                        JUDGE