[Cite as *State v. Young*, 2020-Ohio-577.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                            No. 108790

v.                                      :

GEORGE YOUNG,                           :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-566461-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

George R. Young, *pro se.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant, George Young ("Young"), appeals the trial court's denial of his motion for arrest of judgment. We affirm.

{¶ 2} In 2012, Young was charged with six counts of felonious assault and one count of discharging a firearm into a habitation. All counts had one-, three-, and

five-year firearm specifications. Young was convicted by a jury of all counts and specifications and sentenced to 32 years in prison. This court affirmed his conviction on appeal and denied his application to reopen his appeal. *State v. Young*, 8th Dist. Cuyahoga No. 99752, 2014-Ohio-1055, and *State v. Young*, 8th Dist. Cuyahoga No. 99752, 2016-Ohio-3165, respectively.

{¶ 3} In 2019, Young filed a motion titled "Motion for Arrest of Judgment" challenging the court's jurisdiction and the original indictment under Crim.R. 34. The trial court denied Young's motion; it is from this decision that Young filed his pro se appeal.

{¶ 4} Young raises three assignments of error, which we combine for review:

    I.    The trial court erred in denying appellant's motion for arrest of judgment when the complaint fails to contain the necessary mens rea element pursuant to Crim.R. 3.

    II.    Appellant was denied due process of law as guaranteed by Section 10, Article I, of the Ohio/United States Constitution when he was not adequately notified of the true nature and cause of the accusation against him pursuant to Crim.R. 3, and Crim.R. 5(A)(1).

    III.    Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio/United States Constitution and the Sixth and Fourteenth Amendments.

{¶ 5} Young challenges the sufficiency and constitutionality of his original indictment and the jurisdiction of the trial court under Crim.R. 34. He also claims he was denied effective assistance of trial counsel.

**{¶ 6}** Young's claims are barred by res judicata. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. The purpose of res judicata is to promote the principle of finality of judgments by requiring parties to present every ground for relief in the first action. *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1987). Res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated. *Sneed* at *id.*

**{¶ 7}** Pursuant to Crim.R. 12(C)(2), "[d]efenses and objections based on defects in the indictment" must be raised before trial. *State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093, ¶ 7. The "failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." *Szidik* at *id.*, citing *State v. Biros*, 78 Ohio St.3d 426, 436, 678 N.E.2d 891 (1997). Any claim Young made with regard to his indictment is further barred by res judicata because Young filed a similar motion challenging his indictment and the court's jurisdiction in July 2015; the trial court denied his motion at that time. Young did not appeal the trial court's denial. Young's new motion merely rephrases issues previously raised and the facts alleged in the new motion were available to Young at the time he filed the earlier motion. "Adverse rulings by the trial court in response to the

repeated filings of substantively identical motions in no way constitutes a legitimate legal basis for a continuation of [a] properly concluded case." *State v. Cody*, 8th Dist. Cuyahoga Nos. 107595, 107607, and 107664, 2019-Ohio-2824, ¶ 18, quoting *State v. Hill*, 6th Dist. Lucas No. L-16-1086, 2016-Ohio-8529, ¶ 8-9. Thus, any attempt by Young to relitigate the same issues is barred.

**{¶ 8}** Additionally, we note that Young made his motion for arrest from judgment pursuant to Crim.R. 34. Crim.R. 34 provides:

> The court on motion of the defendant shall arrest judgment if the indictment, information, or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion shall be made within fourteen days after verdict, or finding of guilty, or after plea of guilty or no contest, or within such further time as the court may fix during the fourteen day period.

**{¶ 9}** Crim.R. 34 plainly states that a defendant has 14 days after a verdict is rendered in which to file a motion, unless the court grants a continuance of that time. Young filed his motion approximately six years after the jury returned its guilty verdict; therefore, his motion was untimely. *See State v. Pillow*, 2d Dist. Greene No. 2010-CA-71, 2011-Ohio-4294, ¶ 31 (holding that the appellant's motions did not comply with the time requirements in Crim.R. 34 when they were filed nearly three years after trial).

**{¶ 10}** Young's claim that trial counsel was ineffective is likewise barred by res judicata. Young raised an ineffective assistance of counsel claim on direct appeal and this court found his claim to be without merit. *See Young*, 8th Dist. Cuyahoga No. 99752, 2014-Ohio-1055, at ¶ 22. Here, Young is claiming that his counsel was

ineffective for failing to file a timely motion for arrest from judgment. That specific claim could have been raised on direct appeal; it was not. Review at this juncture is prohibited under the doctrine of res judicata.

{¶ 11} Young's claims are barred by res judicata and have no merit. Accordingly, the assignments of error are overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

RAYMOND C. HEADEN, J., and
MARY EILEEN KILBANE, J., CONCUR