[Cite as *State ex rel. Hill v. Navarre*, 2026-Ohio-2111.]

.

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State ex rel. Tyrice Hill

    Relator

v.

Lindsay Navarre

    Respondent

Court of Appeals No. L-26-00102

**DECISION AND JUDGMENT**

Decided: June 5, 2026

* * * * *

**DUHART, J.**

{¶ 1} This matter is before the court on the April 14, 2026 motion filed by relator, Tyrice Hill, for leave to file the attached complaint for a writ of mandamus. Hill has been determined to be a vexatious litigator by this court and the Supreme Court of Ohio. *See State ex rel. Hill v. Navarre*, No. L-23-1149 (6th Dist. Sept. 1, 2023) and *State ex rel. Hill v. Navarre*, 2020-Ohio-4274, ¶ 6. Accordingly, Hill must seek and be granted leave by this court to file any action in this court.

{¶ 2} Now, Hill asks this court for leave to file a writ of mandamus against trial court Judge Lindsay Navarre. In his filing, Hill alleges that on March 19 and 20, 2026, Judge Navarre denied the following motions filed by Hill, despite the filings providing reasonable grounds for the proceedings and not being an abuse of process: (1) a motion for leave to file a motion for resentencing, (2) a motion for leave to file a motion to vacate the void sentence and hold a de novo sentencing hearing, and (3) a motion for leave to file a motion to withdraw guilty pleas.

{¶ 3} Sixth Dist.Loc.R. 23 and R.C. 2323.52(F)(2) provide that an appellate court shall not grant a vexatious litigator's motion for leave to file an action unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application.

{¶ 4} Here, upon due consideration of Hill's filing, we are not satisfied that the mandamus action that he seeks to file is not an abuse of process. A review of this court's docket reveals that Hill has filed no less than 30 prior appeals, which includes at least 16 related actions to the present filing.

{¶ 5} In addition, we are not convinced that there are reasonable grounds for the action. In the mandamus action which Hill seeks to file, he alleges that the sentence handed down by the trial court in case No. CR-04-2741 on November 9, 2006, is void. Hill alleges the trial court found that Hill "was on a valid period of post release control from completion of his prison term" in case No. CR-00-1572, "to impose and enhance his sentence." Hill further alleges, however, that "[o]n May 9, 2017 in case [No.] CR-00-1572 . . . the judge vacated the void period of post release control that [Hill] was place[d]

2.

on after the completion of the 4-year prison term imposed, making the judge['s] reliance on the unreliable information as a factor to impose and enhance [Hill's] sentence . . . in case [No.] CR-04-2741 inconsistent with due process of law, and . . . void."

{¶ 6} We note that in *State v. Hill*, 2016-Ohio-8529 (6th Dist.), this court was faced with Hill's seventh successive appeal in connection to his 2005 felony convictions for committing six armed robberies in 2004. *Id.* at ¶ 1. Even though Hill confessed to the crimes, was convicted, and the convictions were affirmed on appeal multiple times, Hill has continued to file essentially redundant motions with the trial court which have previously been rejected, and the denials of those motions have been affirmed by this court. *Id.* at ¶ 2. In fact, four of Hill's seven appeals "have stemmed from substantively analogous motions challenging [his] plea and sentence for alleged impropriety in connection to post release control. This court has repeatedly and clearly determined that [Hill] was properly furnished the requisite statutory post release control notification . . . [and Hill] has not been prejudiced in any way whatsoever in connection to claimed issues connected to post release control." *Id.* at ¶ 3-4. This court found that "pursuant to the law of the case doctrine, as well as res judicata, [Hill's] arguments are barred." *Id.* at ¶ 9.

{¶ 7} Then, in 2018, in *State v. Hill*, 2018-Ohio-5004 (6th Dist.), Hill appealed the trial court's denial of his pro se motions, and set forth two assignments of error:

> The nunc pro tunc judgment entries use[d] to vacate the PRC sanction of 874 days exceeded what a nunc pro tunc is authorized to correct.

> Vacating the 874 days for violating PRC through the nunc pro tunc judgment entries did affect appellant's sentence[e], and [he] is entitled to resentencing.

3.

*Id.* at ¶ 4.

**{¶ 8}** This court found that "pursuant to the law of the case doctrine and res judicata, [Hill's] arguments are barred. Regardless, we further [found] that [Hill] has not established prejudice or error by the trial court." *Id.* at ¶ 11.

**{¶ 9}** Here, because we are not satisfied that the mandamus action that Hill seeks to file is not an abuse of process, and we are not convinced that there are reasonable grounds for the action, Hill's motion for leave to proceed is denied. The costs associated with Hill's filings are assessed to Hill.

Writ denied.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE