[Cite as *State v. Parker*, 2013-Ohio-2898.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98272

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CEDRIC PARKER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554064

**BEFORE:**   Keough, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    July 3, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**APPELLANT**

Cedric Parker
No. 623-848
P.O. Box 57
Marion Correctional Institution
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Brian R. Radigan
          Christopher D. Schroeder
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Cedric Parker, appeals his sentence. For the reasons that follow, we reverse Parker's sentence and remand to the trial court (1) to correct the plea journal entry to reflect that Parker pled guilty to the three-year firearm specification attendant to Count 8; (2) to correct the sentencing journal entry to reflect that Parker pled guilty to the three-year firearm specification on Count 8, but that the State dismissed the specification at sentencing; thus, no firearm specification sentence should have been imposed on Count 8; (3) for resentencing with consideration that it is not mandatory that the seven-year firearm specification run consecutive to the three-year firearm specification; and (4) for consideration on the record the required findings under R.C. 2929.14(C)(4) on whether consecutive sentences should be imposed.

**{¶2}** In June 2011, the grand jury issued a 14-count indictment against Parker arising from a robbery and police shoot-out. Counts 1 through 5 charged Parker with aggravated robbery, each containing one- and three-year firearm specifications. Under Counts 6 and 7, Parker was charged with felonious assault of a peace officer, each count contained one-, three-, and seven-year firearm specifications. Counts 8 through 13 charged Parker with kidnapping, each containing one- and three-year firearm specifications. Count 14 charged Parker with disrupting public services, containing one- and three-year firearm specifications.

{¶3} Pursuant to a plea agreement, Parker agreed to plead guilty to amended Counts 1 and 2 aggravated robbery in violation of R.C. 2911.01(A)(1), Count 6, as amended, to felonious assault of a peace officer, in violation of R.C. 2903.11(A)(2), and Count 8, as amended, to kidnapping in violation of R.C. 2905.01(A)(2). Parker also agreed to plead guilty to the attendant three-year firearm specifications on all four counts,[1] and the seven-year firearm specification included with Count 6. All other counts and specifications were dismissed.

{¶4} During the plea hearing, a discussion occurred between the trial court and the parties about whether the seven-year firearm specification attendant to Count 6 was required to run consecutive to the three-year firearm specifications attendant to Counts 1, 2, and 8. The trial court stated that while the three- and seven-year specifications under Count 6 merged for sentencing, it was the court's position that the three-year specifications under Counts 1, 2, and 8 would not merge into that seven-year specification under Count 6, but that the two specifications were to be served consecutively. Accordingly, the court believed it was statutorily required that he order the firearm specifications consecutively. The trial judge stated: "Counts 1, 2, and 8 all related back to the original robbery, thus merge into one three-year firearm specification. But Count 6, the seven-year would be consecutive to the three years on Counts 1, 2, and 8."

---

[1]We note that the court's plea journal entry is incorrect regarding the firearm specification Parker pled to in Count 8 — the journal entry reflects he pled to the one-year specification, but the transcript shows Parker pled guilty to the three-year firearm specification. On remand the trial court is ordered to correct the plea journal entry to correct the clerical error pursuant to Crim.R. 36.

{¶5} At sentencing, the court found that Counts 1 and 2, aggravated robbery, merged and the State elected to proceed to sentencing on Count 1, with the three-year firearm specification. The trial court also merged the three- and seven-year specifications in Count 6 for a single seven-year specification. The State voluntarily dismissed the three-year specification under Count 8.[2]

{¶6} The trial court sentenced Parker to four years under Count 1 consecutive to the three-year firearm specification, and six years on Count 8 to be served concurrently with the four year base sentence under Count 1, for a total of nine years. Additionally, the court imposed an eight year sentence on Count 6, consecutive to the mandatory seven-year firearm specification and also consecutive to the three-year firearm specification under Count 1. Parker's total prison sentence was 24 years.

{¶7} Parker appeals, with two appellate briefs before us for review. His appointed appellate counsel filed a brief setting forth one assignment of error, and Parker filed a brief setting forth three pro se supplemental assignments of error.

{¶8} In the sole assignment of error filed by counsel, Parker contends that the trial court erred when it found it was mandatory to run the seven-year gun specification under Count 6 consecutively with the three-year gun specification for Counts 1 when R.C. 2929.14(B)(1)(f) requires only that the seven-year gun specification be served consecutively and prior to the underlying offense. The State concedes the error and we agree.

---

[2] We note that the court's sentencing journal entry is incorrect regarding the firearm specification sentence imposed on Count 8. On remand the trial court is ordered to correct the sentencing journal entry to correct the clerical error pursuant to Crim.R. 36.

**{¶9}** Parker pled guilty to two counts of aggravated robbery and the attendant three-year firearm specifications, pursuant to R.C. 2929.145. Under 2929.14(B)(1)(a)(ii), a court must impose a three-year prison term upon an offender who is convicted of a felony and an attendant firearm specification under R.C. 2929.145. Additionally, the mandatory three-year firearm specification must be served consecutively and prior to any prison term imposed for the underlying felony. R.C. 2929.14(C)(1)(a).

**{¶10}** Parker also pled guilty to one count of felonious assault of a police officer in violation of R.C. 2903.11(A)(2), and the corresponding three- and seven-year firearm specifications pursuant to R.C. 2929.145 and R.C. 2929.1412 respectively. According to 2929.14(B)(1)(f), if the offender pleads to a specification under R.C. 2941.1412, the sentencing court is required to impose a mandatory seven-year prison term, which shall run consecutively to the sentence imposed for the underlying felony offense. *See also* R.C. 2929.14(C)(1)(c). Moreover, if the court imposes the seven-year specification relative to this offense, the court cannot impose a "prison term under division (B)(1)(a) or (c) of this section relative to the same offense." Therefore, the trial court was required to merge the three-year and seven-year firearm specifications attendant to the felonious assault offense, but order the seven-year sentence to be served consecutively and prior to the prison term imposed for felonious assault.

**{¶11}** Therefore, the trial court was correct in ordering that the three-year firearm specification be served consecutively to Count 1 and the seven-year specification consecutively to Count 6. However, the issue before this court is whether the trial court was then required to order that the three-year firearm specification attendant to Count 1

be served consecutively to the seven-year firearm specification attendant to Count 6. The answer to this issue lies in R.C. 2929.14(C), which governs the imposition of consecutive sentences for mandatory prison terms associated with various specifications, including firearms. R.C. 2929.14(C)(1) provides:

> (a) Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

> (b) If a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(d) of this section for wearing or carrying body armor while committing an offense of violence that is a felony, the offender shall serve the mandatory term so imposed consecutively to any other mandatory prison term imposed under that division or under division (B)(1)(a) or (c) of this section, consecutively to and prior to any prison term imposed for the underlying felony under division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

> (c) If a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(f) of this section, the offender shall serve the mandatory prison term so imposed consecutively to and prior to any prison term imposed for the underlying felony under division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

(d) If a mandatory prison term is imposed upon an offender pursuant to division (B)(7) or (8) of this section, the offender shall serve the mandatory prison term so imposed consecutively to any other mandatory prison term imposed under that division or under any other provision of law and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶12} A reading of these divisions indicate that certain firearm specifications are required to run consecutively to each other. Specifically, in division (C)(1)(a), the mandatory three-year specification must be ordered to run not only consecutive to the prison term for the underlying felony, but also "consecutive to any other mandatory prison term imposed under either division [(B)(1)(a) or (B)(1)(c)] or under division (B)(1)(d) of [R.C. 2929.14]."

{¶13} Furthermore, division (C)(1)(b) requires that the mandatory prison term must be served consecutive to the prison term imposed for the underlying felony, but also "consecutively to any other mandatory prison term imposed under [(B)(1)(d)] or under division (B)(1)(a) or (c) of [R.C. 2929.14] * * * ."

{¶14} Additionally, division (C)(1)(d) also requires that the mandatory prison terms imposed pursuant to R.C. 2929.14(B)(7) and (8) be served consecutively to any other mandatory prison term under [R.C. 2929.14(B)(7) and (8)] or under any other provision of law.

{¶15} Therefore, and unlike the divisions cited and explained above — (C)(1)(a), (b), and (d) — division (C)(1)(c) does not have the express mandates of consecutive sentencing to any other divisions of R.C. 2929.14(B) or any other mandatory prison terms, except for the underlying felony. Therefore, we can only assume that the legislature did not intend that the mandatory seven-year firearm specification was

required to run consecutively to any other mandatory firearm specification or any other mandatory prison term.

{¶16} We note that all the divisions under R.C. 2929.14(C) contain the catchall language of "and consecutive to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." However, it appears that this language pertains to prior sentences or any additional sentence imposed upon an offender unrelated to the indictment the offender is currently being sentenced on.

{¶17} While nothing in R.C. 2929.14 requires that the seven-year firearm specification run consecutively to any other mandatory prison term, the trial court can, in its discretion, choose to impose consecutive sentences for the underlying felonies and attendant firearm specifications if the court deems it warranted, the proper findings are made, and the sentence is not contrary to law. *See State v. Williams*, 12th Dist. No. CA2007-12-136, 2009-Ohio-435 (court can impose prison term for gun specifications for felonies that are not part of the same act or transaction; those sentences could be consecutive if the offenses are not allied). But regarding the issue presented before this court, we conclude that insofar as the trial court believed it was obligated to run the mandatory three- and seven-year firearm specifications consecutively, the trial court's belief was in error.

{¶18} Also contained in this assigned error, Parker contends his plea should be vacated because the advisement that the two firearm specifications were required to be ordered to run consecutively was erroneous. Upon review of the record, we find that the trial court substantially complied with Crim.R. 11 in accepting Parker's plea. The trial

court advised Parker of the maximum penalty that could be imposed on each offense. Although the trial court advised Parker that the court was required to run the firearm specifications consecutively, the court advised him that the court could order all the sentences to be served consecutively, for a maximum penalty of 30 years. Accordingly, while his plea was valid and remains intact, we sustain this assignment of error regarding the consecutive firearm specification sentence.

{¶19} In Parker's first pro se assignment of error, he contends that the trial court erred when it imposed sentences on allied offenses that were subject to merger pursuant to R.C. 2941.25. Parker argues that all the offenses are allied; thus, he should only receive one sentence, or in the alternative, that the matter should be remanded to the trial court for a factual inquiry whether the offenses are allied.

{¶20} The test for determining whether two or more offenses are allied under R.C. 2941.25 was redefined in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Johnson* at syllabus. "If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.*, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting).

{¶21} We find that the record adequately sets forth facts that reveal that all the offenses are not allied. "It is well-settled in this district that when an offense is defined in terms of conduct towards another, there is dissimilar import for each person affected by

the conduct." *State v. Piscura*, 8th Dist. No. 98712, 2013-Ohio-1793, ¶ 17. In this case, the victims of the aggravated robbery, who were all civilians, and the victims of the felonious assault, who were police officers, were different victims; thus, this is sufficient to establish the existence of a separate animus for the aggravated robbery and felonious assault charges.

{¶22} Moreover, although the kidnapping victim was also a victim named under the aggravated robbery count, the kidnapping of that victim was committed with a separate animus from the aggravated robbery. Parker completed the aggravated robbery when he held up the Family Dollar Store at gunpoint. Parker then exited the store and took the victim hostage while he fired on police officers. This was a separate, later offense that was committed with an animus that did not exist until Parker exited the store and was confronted by the officers. His decision to take the victim hostage and use her as a human shield against law enforcement officers subjected her "to an increase in the risk of harm that was separate and apart from the aggravated robbery." *State v. Martin*, 11th Dist. No. 2012-L-043, 2013-Ohio-1944, ¶ 38, citing *State v. Chaffer*, 1st Dist. No. C-090602, 2010-Ohio-4471, ¶11; *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus ("where the asportation or restraint exposes the victims to a substantial increase in the risk of harm separate and apart from the underlying crime of robbery, a separate animus exists for kidnapping.")

{¶23} Accordingly, all the offenses are not allied, the trial court did not err in sentencing Parker for each of the offenses, and this pro se assignment of error is overruled.

{¶24} In his second pro se assignment of error, Parker contends that the trial court abused its discretion in failing to apply the purposes and principles of felony sentencing pursuant to R.C. 2929.11 consistent with Am.Sub.H.B. No. 86 ("H.B. 86").

{¶25} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) requires a felony sentence to be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶26} Parker was convicted of three first-degree felonies. Accordingly, his convictions are governed by R.C. 2929.13(D)(1), which provides in part: "for a felony of the first degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code."

{¶27} At sentencing, the trial court stated that it "had the opportunity to review the Presentence Investigation Report, [R.C.] Sections 2929.11 for the principles and purposes of sentencing, [R.C.] Section 2929.12 for the seriousness and recidivism factors, and [R.C.] Section 2929.13 and other Revised Code sections for felony sentencing of the first degree." Moreover, the trial court's sentencing journal entry stated that "prison is consistent with the purpose of R.C. 2929.11."

**{¶28}** Contrary to Parker's assertion, he was not sentenced to a maximum sentence and the trial court is not required to make any specific findings or give any reasons justifying its decision for imposing more than the minimum sentence. *See* R.C. 2929.11; *State v. Saunders*, 8th Dist. No. 98379, 2013-Ohio-490, ¶ 4. Accordingly, his second pro se assignment of error is overruled.

**{¶29}** Parker raises in his third pro se assignment of error that the trial court erred by imposing consecutive prison terms without making the requisite statutory findings pursuant to H.B. 86.

**{¶30}** H.B. 86 revived the requirement that statutory findings by the trial court are necessary prior to imposing consecutive sentences under R.C. 2929.14(C)(4). *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 4. While H.B. 86 revived the "findings" requirement for consecutive sentences, "it did away with the requirement that the court justify its findings by giving reasons for making those findings." *Id.* at ¶ 16, citing *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 35.

**{¶31}** Pursuant to R.C. 2929.14(C)(4) consecutive sentences can be imposed if the court finds them "necessary to protect the public from future crime or to punish the offender," and that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, a judge must find the existence of at least one of three enumerated factors under R.C. 2929.14(C)(4)(a)-(c).

**{¶32}** This court recently restated in *Venes* that "[w]hen a statute directs a court to make findings before imposing a particular sentence, a failure to make those findings is 'contrary to law.'" *Venes* at ¶ 12, quoting *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1342, 754 N.E.2d 1252.

> Because the statute so clearly requires specific findings for the imposition of consecutive sentences, those findings must be entered at the time the court orders sentences to be served consecutively. What we mean by this is that regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing.

*Id*. at ¶ 17.

**{¶33}** In this case, the trial court stated,

> Now let me explain a little bit here as to the sentence. Although the Defendant does not have a prior criminal — felony criminal record, you know, this is — this was a terror situation in terms of, you know, the taking of hostages, using an eighty-year-old woman as a shield against police officers, firing at police officers, placing people in danger of their lives. And this is — this is, you know, the combination of the two require, all the three cases here, require the imposition of — of prison terms that run consecutive. I believe that the harm indicated is — is not disproportionate to the sentences imposed here. And the harm is so great or unusual that the single term will not adequately reflect the seriousness of the conduct.
>
> And although somebody's led a fairly decent life beforehand, you know, he got himself into situations where he compounded it, you know, terrorizing an eighty-year-old woman, placing officers in fear of their lives. * * *.

**{¶34}** Although the trial court made two of the required findings under R.C. 2929.14(C), the trial court failed to make the finding that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." Therefore,

because the trial court failed to make all the required findings under R.C. 2929.14(C)(4), Parker's third pro se assignment of error is sustained.

{¶35} Sentence reversed and case remanded to the trial court for resentencing for the limited purposes of (1) conducting a resentencing with consideration that it is not mandatory that the seven-year firearm specification run consecutive to the three-year firearm specification; and (2) to conduct a resentencing with consideration of the required findings under R.C. 2929.14(C)(4) if the court intends to impose consecutive sentences.

{¶36} On remand the trial court is also ordered (1) to correct the plea journal entry to reflect that Parker pled guilty to the three-year firearm specification attendant to Count 8; and (2) to correct the sentencing journal entry to reflect that Parker pled guilty to the three-year firearm specification on Count 8, but that the State dismissed the specification at sentencing; thus, no firearm specification sentence should have been imposed on Count 8.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE


LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR