[Cite as *State v. Phillips*, 2016-Ohio-4672.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-150376 |
| | | TRIAL NO. B-1402743 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| VINCENT L. PHILLIPS, | : | |
| Defendant-Appellant. | : | |
| _____ | : | |
| STATE OF OHIO | : | APPEAL NO. C-150378 |
| | | TRIAL NO. B-1402743 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| VINCENT L. PHILLIPS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in C-150376; Affirmed and Cause Remanded in C-150378

Date of Judgment Entry on Appeal: June 29, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee/Plaintiff-Appellant,

*Timothy J. McKenna,* for Defendant-Appellant/Defendant-Appellee.

**CUNNINGHAM, Presiding Judge.**

{¶1} Following a jury trial, defendant-appellant/defendant-appellee Vincent L. Phillips appeals from his convictions for the attempted murder of a North College Hill police officer, with an accompanying specification for firing at a peace officer, carrying a concealed weapon, tampering with evidence, and receiving stolen property. Because we hold that the convictions were not against the manifest weight and sufficiency of the evidence adduced at trial, and because Phillips was not denied the effective assistance of trial counsel, we affirm the trial court's judgment in Phillips' appeal.

{¶2} The state also appeals, challenging the trial court's failure to impose additional prison terms for one- and three-year firearm specifications that the jury had found Phillips guilty of committing. Because the trial court was required, as a matter of law, to impose an additional prison term for the one-year firearm-possession specification accompanying the tampering-with-evidence offense, we remand the matter to the trial court.

## *I. Encounter In The Alley*

{¶3} In the late evening of May 20, 2014, North College Hill police officers Keith Ryan and Shaun Miller responded to complaints of a group of disorderly juveniles on the street. Phillips was one of the group. He had been drinking and was carrying a loaded and cocked semiautomatic pistol. As the officers approached the group to investigate, Phillips, then age 19, fled on foot. Officer Miller ordered Phillips to stop and then pursued him into a darkened alleyway.

{¶4} Officer Miller, with his Taser stun gun in his hand, was gaining ground on Phillips. When he was within 15 feet of Phillips, Officer Miller saw two separate muzzle flashes just ahead of him in the darkness. Numerous witnesses described

hearing the two distinct gunshots about one second apart. Officer Miller was unharmed and sought cover.

{¶5} Additional police officers, including an officer with a canine unit, responded and they quickly apprehended Phillips. He was hiding on a nearby garage roof. The canine unit discovered Phillips' discarded pistol, still operable and ready to fire, about 70 feet from his hiding place.

{¶6} When Phillips was arrested he was informed of his *Miranda* rights to remain silent. But Phillips responded loudly, "Fuck North College Hill police." He berated another North College Hill police officer, screaming, "Then fuck you; you ain't shit." Phillips then yelled out, "North College Hill ain't shit. I wish I would have got that bitch ass cop."

{¶7} Investigating officers found two spent casings near where Officer Miller had seen the muzzle flashes. They were determined to have been fired from Phillips' pistol. A bullet hole was found in a garage near where Officer Miller had been just as Phillips had begun to fire. The investigators found gun residue on Phillips' hands. The pistol had been stolen from a local gun shop.

{¶8} At the police station, Phillips had calmed himself and was cooperative, polite, and compliant with police requests. In a videotaped confession he admitted shooting at Officer Miller. He later clarified that he had shot only to effect his escape.

{¶9} The Hamilton County Grand Jury returned an indictment alleging five felony offenses: attempted murder and felonious assault, each with accompanying firearm-facilitation and peace-officer specifications, carrying a concealed weapon, tampering with evidence, with an accompanying firearm-possession specification, and receiving stolen property.

{¶10} At trial, Phillips testified in his own defense, claiming that he had been drunk and had fled from the police in fear that they would find his concealed pistol.

3

He testified that while being pursued by Officer Miller, he had tried to unload and disassemble the pistol. As he attempted to remove the magazine, the pistol accidentally discharged twice.

{¶11} The jury returned guilty verdicts on each offense and specification. The trial court received sentencing memoranda. The state urged a 26-year aggregate sentence be imposed. After receiving the memoranda, and hearing the arguments of counsel, the trial court imposed a five-year prison term for the attempted-murder offense charged in Count 1 of the indictment. It also imposed a seven-year prison term for the accompanying peace-officer specification—Specification 2—and ordered that term to be served consecutively to and prior to the term for the predicate felony offense. Because the trial court determined that felonious assault, as alleged in Count 2 of the indictment, was an allied offense of similar import to attempted murder, it did not impose a sentence for that offense or any of the accompanying specifications. The trial court also imposed a 12-month prison term for the carrying-a-concealed-weapon offense, and 18-month terms for the tampering-with-evidence offense under Count 4, and the receiving-stolen-property offense. Those prison terms were to be served concurrently with the prison term for attempted murder.

{¶12} But the trial court ordered that the remaining specifications, including the three-year firearm-facilitation specification, Specification 1 to Count 1, and the single firearm-possession specification accompanying the tampering-with-evidence offense charged in Count 4, would "merge" with the seven-year prison term imposed for the peace-officer specification to the attempted-murder offense "for the purpose of sentencing." The aggregate prison term was 12 years.

{¶13} Both Phillips and the state appealed from the trial court's judgment of conviction. We consolidated the appeals for briefing and resolution.

4

### II. Phillips' Appeal

{¶14} Raising three assignments of error, Phillips challenges the convictions, though not the sentences, entered below.

### a. Sufficiency and weight-of-the-evidence claims

{¶15} In two interrelated assignments of error, Phillips challenges the weight and the sufficiency of the evidence adduced at trial to support his conviction for attempted murder, and the accompanying peace-officer specification. Although Phillips extends his arguments here to also challenge the felonious-assault offense, the trial court did not enter a judgment of conviction on that charge. Moreover, Phillips does not advance any argument attacking the weight or the sufficiency of the evidence supporting his convictions on the remaining charges. *See State v. Sanders*, 1st Dist. Hamilton Nos. C-140579 and C-140580, 2015-Ohio-5232, ¶ 41 (holding that alleged errors not argued in the appellate brief are deemed waived).

{¶16} Phillips was convicted of attempted murder under R.C. 2923.02(A), which proscribes purposely engaging in conduct which, if successful, would have resulted in a criminal offense, here murder, in violation of R.C. 2903.02. A person acts purposely when he specifically intends to cause a certain result. *See* R.C. 2901.22(A). The accompanying peace-officer specification alleged that Phillips had discharged a firearm at a peace officer while committing the attempted-murder offense. *See* R.C. 2941.1412.

{¶17} Our review of the entire record fails to persuade us that the jury, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We can find no basis in this record to conclude that this is that "exceptional case in which the evidence

weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶18} The jury was entitled to reject Phillips' explanation, made to the jury at trial, that he had fled from the police because he was drunk and carrying a firearm, that he had tried to unload the weapon while fleeing, and that while he was doing so, the weapon accidentally discharged twice. He denied having any intent to harm Officer Miller. And he couldn't recall making any threatening statements about the police officers after his arrest. Phillips' theory of defense rested largely on his trial testimony and his characterization that there was little evidence to corroborate the state's contention that he had acted purposely in attempting to murder Officer Miller.

{¶19} The state presented ample evidence to support the convictions, including Phillips' own statement to the arresting and investigating officers that he had shot at Officer Miller, a peace officer, and that he had wished that he "would have gotten that bitch ass cop." The state also introduced substantial physical and testimonial evidence that Phillips had been carrying a loaded and cocked firearm, that he had fled when confronted by the police, that he had disappeared into an alley pursued by Officer Miller, and that two distinct gunshots were heard moments later. Officer Miller testified that as he closed to within 15 feet of Phillips he saw two bright muzzle flashes and then took cover. Two spent cartridges were recovered from the site of the muzzle flashes. The bullets passed close by Officer Miller. One likely struck a nearby garage located in the opposite direction from which Phillips had said he was pointing the weapon when it accidentally discharged.

{¶20} Police officers located Phillips minutes later hiding on the roof of a nearby garage. A police canine unit located his discarded pistol under a tree about 70 feet away. Contrary to Phillips' assertion that he had partially disassembled the weapon, it was found fully loaded, with the magazine still in the pistol grip. Phillips'

hands contained gunshot residue. Police and firearm experts at trial testified that Phillips' semiautomatic pistol was very unlikely to discharge accidentally during unloading. The weapon could only be fired if the grip safety and the trigger safety were depressed and if the shooter applied substantial pressure to the trigger.

{¶21} While there may have been some inconsistencies in some of the witnesses' testimony, these inconsistencies did not significantly discredit their testimony. As the weight to be given the evidence and the credibility of the witnesses were for the jury, sitting as the trier of fact, to determine, in resolving conflicts and limitations in the testimony, the jury could have found that Phillips had purposely attempted to murder a peace officer. *See* 2903.02, 2923.02(A) and 2941.1412; *see also State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶22} When reviewing the legal sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether the evidence could have convinced any rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt. *See State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36; *see also Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses, as both are functions reserved for the trier of fact. *See State v. Campbell*, 195 Ohio App.3d 9, 2011-Ohio-3458, 958 N.E.2d 622 (1st Dist.).

{¶23} Here, the record reflects substantial, credible evidence from which the triers of fact could have reasonably concluded that all elements of attempted murder and the peace-officer specification had been proved beyond a reasonable doubt, including that Phillips had purposely fired two gunshots at a pursuing police officer

at a range of 15 feet. *See State v. Baron*, 1st Dist. Hamilton No. C-100474, 2011-Ohio-3204, ¶ 8; *see also Conway* at ¶ 36.

{¶24} Phillips' first and second assignments of error are overruled.

### b. Ineffective-assistance claim

{¶25} Phillips next argues that he was denied the effective assistance of counsel for various claimed deficiencies by his trial counsel, including his failure to employ a crime-scene reconstructionist at trial, and his withdrawal of the motion to suppress Phillips' statements made to police after the shooting. The arguments must fail.

{¶26} To prevail on a claim of ineffective assistance of trial counsel, Phillips must show, first, that trial counsel's performance was deficient and, second, that the deficient performance was so prejudicial that he was denied a reliable and fundamentally fair proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *see also Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A reviewing court will not second-guess trial strategy and must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See State v. Mason*, 82 Ohio St.3d 144, 157-158, 694 N.E.2d 932 (1998).

{¶27} In light of Officer Miller's statements about his pursuit of Phillips and the other testimonial and physical evidence from the crime scene, it is unclear how the absence of testimony from a crime-scene reconstructionist rendered the trial unreliable. Also, the likelihood of success on Phillips' motion to suppress statements made after receiving a *Miranda* warning was low.

{¶28} Phillips' trial counsel worked to discredit the state's theory of the case and to highlight inconsistencies in the witnesses' testimony. He vigorously argued

that Phillips had accidentally discharged the weapon while attempting to unload it. After reviewing the entire record, and in light of our resolution of the first and second assignments of error, we hold that counsel's efforts were not deficient, and that Phillips was not prejudiced in any way. The result of the trial was reliable and fundamentally fair. *See Fretwell* at 370. Phillips' third assignment of error is overruled.

### III. The State's Appeal On Sentencing

{¶29} The state has also appealed from the judgment of conviction. *See* 2953.08(B)(2). In its single assignment of error, the state argues that the sentences imposed on Phillips for the attempted-murder offense and specifications in Count 1 of the indictment and the tampering-with-evidence offense and specification in Count 4 are contrary to law. The gravamen of the state's argument is that, in addition to imposing a seven-year prison term for the peace-officer specification accompanying the attempted-murder offense, the trial court should have imposed both the three-year firearm-facilitation specification also accompanying that offense, and the one-year firearm-possession specification accompanying the tampering-with-evidence offense. We agree, in part.

{¶30} A specification "is merely a sentencing provision that requires an enhanced penalty upon certain findings," and is "contingent upon an underlying felony conviction." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16. The key to the following analysis is recognizing the primary distinction between the three types of specifications that the jury found Phillips guilty of: the one-year firearm-possession specification, the three-year firearm-facilitation specification, and the seven-year peace-officer specification. The first two specifications are described in R.C. 2941.141 and 2941.145; the last, in R.C. 2941.1412. The penalties associated with the two firearm specifications are found in

R.C. 2929.14(B)(1)(a). The penalty enhancement resulting from being found guilty of the peace-officer specification is found in R.C. 2929.14(B)(1)(f). The interaction of the penalties for the two firearm specifications and the peace-officer specification governs our analysis.

{¶31} In its presentence memorandum and at the sentencing hearing, the state urged the trial court to impose these specifications and to order that they be served consecutively. Therefore, under R.C. 2953.08(G)(2), we may modify or vacate the challenged sentences only if we clearly and convincingly find that they are contrary to law. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). Here, that means that the state must demonstrate that the trial court was required, as a matter of law, to impose the additional prison terms for the one- and three-year firearm specifications.

{¶32} The state notes that the trial court determined that the felonious-assault offense charged in Count 2 of the indictment was an allied offense of similar import to the attempted-murder offense charged in Count 1. *See* R.C. 2941.25. Thus the court did not impose a sentence for the felonious-assault offense, or for its accompanying specifications. On appeal, the state concludes that "the application of two seven-year specifications would not apply to Phillips as a result." Thus it chose not to challenge any failure to impose mandatory prison terms for specifications related to the felonious-assault offense. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph two and three of the syllabus (rejecting the sentencing-package doctrine and prohibiting an appellate court from vacating a sentence that is not properly before it as the subject of an appeal); *see also State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113; *Sanders*, 1st Dist. Hamilton Nos. C-140579 and C-140580, 2015-Ohio-5232, at ¶ 41 (holding that alleged errors not argued in the appellate brief are deemed waived).

10

### a. No additional penalty for the firearm-facilitation specification accompanying the attempted-murder offense

{¶33} We begin with the state's contention that the trial court was required to impose an additional three-year prison term to the sentence for attempted murder because the jury had found Phillips guilty of Specification 1 to that offense—a firearm-facilitation specification. The specification, under R.C. 2941.145, alleged that Phillips had a firearm on his person or under his control while committing the attempted-murder offense, and that he had displayed, brandished, or used the firearm to facilitate the predicate offense.

{¶34} R.C. 2929.14(B)(1)(a)(ii) provides that

> [I]f an offender who is *convicted of or pleads guilty* to a felony also is convicted of or pleads guilty to a specification of the type described in section * * * 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
>
> * * *
>
> (ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code * * * .

(Emphasis added.)

{¶35} While the jury returned a guilty verdict on the firearm-facilitation specification accompanying Count 1, the trial court did not impose a sentence for this specification. The state notes that the usual definition of conviction includes both a finding of guilt and the imposition of a sentence. *E.g.,* Crim.R. 32. Since no sentence had been imposed on this specification, ordinarily its reliance on the statute would be inapposite. But the state argues that when statutory language places a conviction on equal footing with a guilty plea by requiring proof of either to trigger a sentencing requirement, the term "conviction" is essentially synonymous with and refers only to a determination of guilt. We agree.

11

{¶36} The Supreme Court of Ohio and other appellate courts have interpreted the word "convicted," when used in the phrase "convicted of or pleads guilty to," to mean only a determination of guilt and not the imposition of sentence upon that determination. *See State ex rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259, 260, 643 N.E.2d 521 (1994); *see generally State v. Mullins*, 10th Dist. Franklin No. 14AP-480, 2015-Ohio-3250, ¶ 9-10. In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 12, the Ohio Supreme Court identified four ways that a defendant can be convicted of a criminal offense under this usage: by entering a plea of guilty; by entering a plea of no contest and being convicted upon a finding of guilt by the court; by being found guilty by the court after a bench trial; or, as here, by being found guilty based upon a jury verdict.

{¶37} Since the jury had determined that Phillips was guilty of attempted murder and the attendant three-year firearm-facilitation specification through its verdicts, the state maintains that, the trial court was required to impose the additional three-year prison term upon Phillips under R.C. 2929.14(B)(1)(a)(ii).

{¶38} But here, the trial court actually imposed a seven-year mandatory prison term, under Specification 2 to the same attempted-murder offense. *See* R.C. 2929.14(B)(1)(f). That specification alleged that Phillips had discharged a firearm at a peace officer while committing the attempted-murder offense. *See* R.C. 2941.1412. In accordance with R.C. 2929.14(C)(1)(c), the trial court ordered the seven-year prison term to be served consecutively to and prior to the five-year prison term imposed for the predicate felony offense. *See State v. Parker,* 8th Dist. Cuyahoga No. 98272, 2013-Ohio-2898, ¶ 10.

{¶39} But other provisions of R.C. 2929.14(B)(1)(f) limit a trial court's authority to join the seven-year term with other firearm-specification terms. The last sentence of the section provides that "[i]f a court imposes an additional prison term on an offender under division (B)(1)(f) of this section relative to an offense, the court

*shall not* impose a prison term under division (B)(1)(a) or (c) of this section relative to the same offense." (Emphasis added.) The three-year firearm-facilitation term challenged here is a prison term provided for under division (B)(1)(a) of R.C. 2929.14. Where, as here, there is an apparent conflict between a general statutory provision for the imposition of an additional prison term, and a more specific one expressly proscribing that act, we rely upon the canon of statutory construction that the specific legislation prevails over the general. *See* R.C. 1.51.

{¶40} Thus, we hold that a trial court that imposes a seven-year prison term for a peace-officer specification cannot also impose a three-year prison term for a firearm-facilitation specification for the same offense. *See State v. Berecz*, 4th Dist. Washington No. 08CA48, 2010-Ohio-285, ¶ 63 (applying identical language in former R.C. 2929.14(D)(1)(f)); *see also State v. Phillips*, 8th Dist. Cuyahoga No. 96329, 2012-Ohio-473, ¶ 55 (state conceded that, under former R.C. 2929.14(D)(1)(f), a seven-year peace-office specification accompanying a felonious-assault count could not be combined with other, three-year firearm specifications for that offense).

{¶41} Since the trial court's failure to impose an additional three-year prison term was not clearly and convincingly contrary to law, the trial court did not err in failing to do so. *See* R.C. 2953.08(G).

### b. The trial court was required to impose a one-year prison term for the firearm-possession specification

{¶42} The state next challenges the trial court's failure to impose an additional one-year prison term to the sentence imposed for tampering with evidence as alleged in Count 4 of the indictment. The trial court imposed an 18-month prison term for the predicate felony offense. While the court ordered that term to be served concurrently with the 12-year aggregate term imposed for attempted murder, there is no requirement in R.C. 2929.14(B) that sentences for

underlying offenses must be imposed consecutively for an offender to receive separate sentences on related specifications. *See State v. Fortune*, 2015-Ohio-4019, 42 N.E.3d 1224, ¶ 21 (11th Dist.).

{¶43} As the state argues, the trial court's obligation to impose a mandatory one-year prison term is found in R.C. 2929.14(B)(1)(a)(iii). That statute provides

> [I]f an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141 * * * of the Revised Code, the court shall impose on the offender one of the following prison terms:
>
> * * *
>
> (iii) A prison term of one year if the specification is of the type described in section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony.

{¶44} It is clear from the record that the trial court failed to comply with this mandate, and we can find no specific statutory provision, as we did above, excusing the court from this obligation. There was no indication in the court's sentencing entry, or at the sentencing hearing, that the court intended to or actually did impose any period of confinement for the firearm-possession specification to Count 4. The sentencing entry simply states that "* * * SPECIFICATION #1 TO COUNT #4 [IS] MERGED WITH SPECIFICATION #2 TO COUNT #1 FOR THE PURPOSE OF SENTENCING." This use of courthouse shorthand is not sufficient to demonstrate that the trial court complied with its obligation under R.C. 2929.14(B)(1)(a)(iii) to impose on the offender a one-year prison term. Were the conviction and sentences imposed under the attempted-murder offense to be overturned on subsequent appeal, the state would clearly be prejudiced by this failure.

14

{¶45} Since the trial court was required, as a matter of law, to impose the additional one-year prison term for the firearm-possession specification, and order it to be served consecutively to and prior to the term for tampering with evidence, we clearly and convincingly find that the sentence imposed for Count 4 was contrary to law. *See* R.C. 2953.08(G)(2).

### c. No requirement that the one-year firearm-possession specification be imposed consecutively to any other prison term

{¶46} The state next argues that the trial court was required to impose the one-year prison term for the firearm-possession specification to be served consecutively not only to the 18-month sentence for tampering with evidence, but also to the seven-year peace-officer specification imposed under Count 1.

{¶47} The state first maintains that under R.C. 2929.14(C)(1)(a), a one-year prison term imposed for a firearm-possession specification must be served consecutively to any other prison term. To the contrary, R.C. 2929.14(C)(1)(a) provides only that when a trial court imposes a mandatory prison term based on a firearm-possession specification, the offender must serve that term consecutively to any other mandatory prison term *for a firearm specification*, a drive-by shooting specification, a human-trafficking specification, or a pregnancy-related-offense specification, and consecutively to and prior to the prison term imposed for the predicate felony. The statute does not mention peace-officer specifications.

{¶48} The state next asserts that R.C. 2929.14(B)(1)(g) required the trial court to impose the additional one-year prison term consecutively to the term for the seven-year peace-officer specification.

{¶49} R.C. 2929.14(B)(1)(g) creates an exception to the general rule prohibiting multiple punishments for two or more firearm specifications arising out of a single act or transaction. *See* R.C. 2929.14(B)(1)(b). The exception provides that a trial court shall impose a separate prison term for each of the two most serious

15

specifications where (1) an offender is determined to be guilty of two or more felonies, one of which is a felony specifically enumerated in the statute, such as attempted murder, and (2) the offender is determined to be guilty of firearm specifications under R.C. 2929.14(B)(1)(a) in connection with two or more of the felonies. *See State v. Adams*, 1st Dist. Hamilton No. C-120059, 2013-Ohio-926, ¶ 31.

{¶50} But the language of R.C. 2929.14(B)(1)(b) and 2929.14(B)(1)(g) reveals that the General Assembly enacted the latter statute to provide an exception to the general rule contained in the former, against imposing more than one penalty for multiple firearm specifications when the offender has committed certain, serious offenses. *See State v. Isreal*, 12th Dist. Warren No. CA2011-11-15, 2012-Ohio-4876, ¶ 73. As with R.C. 2929.14(C)(1)(a), the statute does not mention the peace-officer specification, and does not control the trial court's decision on whether to impose a penalty for a firearm-possession specification consecutively to another specification not described in R.C. 2929.14(B)(1)(a).

{¶51} This is particularly so where the General Assembly has provided that guidance in other statutory enactments. As noted above, R.C. 2929.14(B)(1)(f) prevents the imposition of a penalty for a firearm specification when a seven-year prison term has been imposed for a peace-officer specification. And R.C. 2929.14(C)(1)(c) describes which other prison terms must be served consecutively to any prison term imposed for a peace-officer specification.

{¶52} The statute provides, in its entirety, that

> If a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(f) of this section, the offender shall serve the mandatory prison term so imposed consecutively to and prior to any prison term imposed for the underlying felony under division (A), (B)(2), or (B)(3) of this section or any other section of the Revised

16

Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶53} Unlike the other consecutive-sentencing provisions of R.C. 2929.14(C)(1), including the previously cited division (C)(1)(a), division (C)(1)(c) does not contain the mandate that a prison term for the peace-officer specification must be imposed consecutively to terms imposed under other divisions of R.C. 2929.14(B) or to any other mandatory prison terms, except for the underlying felony. "Therefore, we can only assume that the legislature did not intend that the mandatory seven-year firearm specification was required to run consecutively to any other mandatory firearm specification or any other mandatory prison term," save for the predicate felony offense, and prior sentences or additional sentences imposed upon the offender by an unrelated indictment. *Parker*, 8th Dist. Cuyahoga No. 98272, 2013-Ohio-2898, at ¶ 15. Thus there is no statutory authority that would require the court to impose the one-year prison term for the firearm-possession specification consecutively to the seven-year peace-officer prison term.

{¶54} But, as the *Parker* court noted, the trial court can exercise its discretion and order a firearm-possession specification, not imposed for the same offense, to be served consecutively to the term for the peace-officer specification, if the court deems it warranted and the sentence is not otherwise contrary to law. *See id.* at ¶ 17.

{¶55} Since the trial court was required to impose the additional prison term for the one-year firearm-possession specification, but was not required to order that it be served consecutively to the term for the seven-year peace officer specification, upon remand the trial court shall impose the mandatory term and then exercise its discretion as to whether to impose that term consecutively to any other. *See* R.C. 2953.08(G)(2). The state's sole assignment of error is sustained, in part, in that the trial court was required to impose an additional prison term for the one-year

firearm-possession specification accompanying the tampering-with-evidence offense in Count 4. It is overruled in all other respects.

### IV. Conclusion

**{¶56}** Having overruled each of Phillips' assignments of error, in the appeal numbered C-150376, and having sustained the state's assignment of error, in part, in its appeal numbered C-150378, we affirm the trial court's judgment and remand the cause to the trial court with instructions that it impose a one-year prison term for the firearm-possession specification accompanying Count 4. The term for the firearm-possession specification is to be served consecutively to and prior to the 18-month prison term imposed for the tampering-with-evidence offense in that count. It lies within the trial court's discretion as to whether to impose the term for that specification consecutively to the seven-year prison term imposed for the peace-officer specification under Count 1.

Judgment accordingly.

**DEWINE** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.