[Cite as *State v. Cooper*, 2019-Ohio-2813.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


STATE OF OHIO,                              :          APPEAL NO. C-180401
                                                      TRIAL NO. B-1702699
    Plaintiff-Appellee,               :

  vs.                                       :          *O P I N I O N.*

JEFFREY COOPER,                             :

    Defendant-Appellant.              :


Criminal Appeal From:    Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  July 10, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    In this appeal, defendant-appellant Jeffrey Cooper raises four assignments of error challenging his conviction for felonious assault.  Finding his assignments of error to be without merit, we affirm the trial court's judgment.  But because the trial court's sentencing entry incorrectly reflects that Cooper was convicted of two counts of felonious assault, we remand the case for the trial court to issue a nunc pro tunc entry correcting the clerical error in the sentencing entry.

### *Factual and Procedural Background*

{¶2}    On May 6, 2017, Hamilton County Sheriff's Deputy Michael Schneider responded to a dispatch for a domestic disturbance in the lobby of a Days Inn hotel.  Upon his arrival, a female in the lobby told Deputy Schneider that Cooper had taken her cell phone and would not return it.  Deputy Schneider attempted to engage Cooper in a dialogue regarding the phone, but Cooper ignored him.  When Deputy Schneider told Cooper that he could either return the phone or go to jail, Cooper charged at the deputy and put him in a chokehold, repeatedly stating that "You are going to die today."  Cooper took Deputy Schneider to the floor, with his arms around the deputy's neck and his legs wrapped around the deputy's body.  Cooper refused to let go when ordered to do so by another deputy, and only released his hold on Deputy Schneider when he was tased.

{¶3}    The grand jury issued an indictment charging Cooper with attempted murder in violation of R.C. 2923.02(A), felonious assault in violation of R.C. 2903.11(A)(1) (alleging that he had caused serious physical harm to Deputy Schneider), felonious assault in violation of R.C. 2903.11(A)(2) (alleging that he had caused physical harm to Deputy Schneider with a deadly weapon, specifically mixed martial arts training), and aggravated robbery in violation of R.C. 2911.01(B).

{¶4} At a bench trial, Deputy Schneider testified about Cooper's attack, explaining that he lost consciousness several times while Cooper had him in the chokehold. He was hospitalized for three days and suffered a pseudoaneurysm to his carotid artery. He additionally suffered vertigo, neck pain, chronic headaches, and bouts of depression and anxiety. Hamilton County Sheriff's Deputy William Cruz testified that he had arrived on the scene after Deputy Schneider. After Cooper ignored Deputy Cruz's verbal command to release Deputy Schneider, Deputy Cruz tased Cooper, which caused Cooper to release his grip.

{¶5} Cooper testified that he had previously served two overseas tours in the army, and that he had been diagnosed with posttraumatic stress disorder ("PTSD") and readjustment disorder. He had been prescribed medicine to treat these disorders, but had not taken the medicine for approximately one week prior to his attack on Deputy Schneider. Cooper explained that the cell phone he had refused to return belonged to his ex-girlfriend and that he had been using it to locate an email. According to Cooper, he told Deputy Schneider that he would return the phone once he found the email. Cooper saw Deputy Schneider's hands on his belt and he thought that the deputy was reaching for his weapon. He testified that he put Deputy Schneider in the chokehold to restrain him, rather than hurt him, and that he told the deputy that "I'm not going to die today." On cross-examination, Cooper testified that he was trained in the Korean martial art of tang soo do.

{¶6} After a trial to the bench, the trial court acquitted Cooper of attempted murder and aggravated robbery, but found him guilty of both counts of felonious assault. At the sentencing hearing, the prosecutor referenced that defense counsel had made a post-trial motion to merge the two counts of felonious assault. The trial court stated that it was proceeding with sentencing on count two, which was Cooper's conviction for felonious assault in violation of R.C. 2903.11(A)(1) for causing serious physical harm to Deputy Schneider. Cooper received a sentence of 11 years' imprisonment.

*Allied Offenses*

{¶7}    In his first assignment of error, Cooper argues that the trial court erred in imposing sentences on allied offenses of similar import and that the trial court should have merged his two convictions for felonious assault.

{¶8}    Cooper's argument is without merit, as the record clearly indicates that the trial court did, in fact, merge the two counts of felonious assault. The trial court stated at the sentencing hearing that it was proceeding with sentencing on Cooper's felonious-assault conviction in count two. And the record clearly indicates that the court never imposed a sentence for the charge of felonious assault in violation of R.C. 2903.11(A)(2) in count three. Therefore, Cooper was only convicted of one count of felonious assault.

{¶9}    The trial court's sentencing entry contains a clerical error, as it states that the court imposed a sentence of 11 years' imprisonment on each count of felonious assault, and that these two sentences were to be served concurrently. We accordingly overrule Cooper's assignment of error, but remand this case for the trial court to correct the clerical error in its sentencing entry so that the entry conforms to the sentencing hearing and reflects that the two counts of felonious assault were merged.

*Sentence Imposed*

{¶10}   Cooper argues in his second assignment of error that the record does not support the sentence imposed by the trial court. He specifically argues that the trial court erred in imposing a maximum sentence and that it failed to consider the principles and purposes of sentencing in R.C. 2929.11 and 2929.12.

{¶11}   Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶12} Here, the trial court was not required to make any mandatory findings before imposing sentence. Cooper's sentence of 11 years' imprisonment fell within the available sentencing range and was not contrary to law. And this court has consistently held that R.C. 2929.11 and 2929.12 are not fact-finding statutes, and that, in the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered them. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60. Cooper has made no such affirmative demonstration.

{¶13} The second assignment of error is overruled.

### Sufficiency and Weight of the Evidence

{¶14} We address Cooper's remaining assignments of error out of order. In his fourth assignment of error, Cooper argues that his conviction in count three for felonious assault in violation of R.C. 2903.11(A)(2) for causing physical harm to Deputy Schneider with a deadly weapon was not supported by sufficient evidence and was against the weight of the evidence because the state failed to prove that his hands were deadly weapons.

{¶15} The charge of felonious assault in count three for a violation of R.C. 2903.11(A)(2) was merged at sentencing with the felonious assault charged in count two for a violation of R.C. 2903.11(A)(1).[1] No sentence was imposed for the violation of R.C. 2903.11(A)(2), and Cooper was not convicted of that offense. Because no judgment of conviction was entered, we do not consider a challenge to the sufficiency or the weight of the evidence as to that offense. *State v. Phillips*, 1st Dist. Hamilton

---

[1] Cooper raises no challenge to the sufficiency and weight of the evidence supporting his conviction for felonious assault in violation of R.C. 2903.11(A)(1).

Nos. C-150376 and C-150378, 2016-Ohio-4672, ¶ 15. *See State v. Bell*, 8th Dist. Cuyahoga No. 106842, 2019-Ohio-340, ¶ 53.

{¶16} The fourth assignment of error is accordingly overruled.

*Ineffective Assistance*

{¶17} In his third assignment of error, Cooper argues that he received ineffective assistance from his trial counsel.

{¶18} Counsel will not be considered ineffective unless her or his performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceeding would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142. A reviewing court must indulge a presumption that counsel's behavior fell within the acceptable range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142.

{¶19} Cooper first argues that his counsel was ineffective for failing to make a Crim.R. 29 motion for an acquittal. He concedes, and we agree, that the evidence was sufficient to support his conviction for felonious assault in count two, but argues that, had counsel made a Crim.R. 29 motion, it would have been granted as to the charge of felonious assault in count three. But, as set forth in our analysis of Cooper's fourth assignment of error, Cooper was not convicted of felonious assault in count three because that offense was merged at sentencing. Consequently, Cooper suffered no prejudice from counsel's failure to make a Crim.R. 29 motion for an acquittal.

{¶20} Cooper further argues that counsel was ineffective for failing to have a psychologist testify in mitigation at sentencing regarding his mental-health and PTSD issues. The presentation of mitigation evidence at sentencing is generally a matter of trial strategy that will not support a claim of ineffective assistance. *State v. Walker*, 1st Dist. Hamilton No. C-170321, 2018-Ohio-3918, ¶ 26. Any testimony that a psychologist would have offered is purely speculative, and Cooper cannot demonstrate that he would have received a lesser sentence had counsel presented such mitigating testimony. The record established that Cooper had twice undergone competency evaluations, and that he was found competent to stand trial after both evaluations. The court had full access to these reports before sentencing. Further, the trial court was aware of Cooper's mental-health issues and his PTSD diagnosis from Cooper himself, as he testified regarding those issues. Moreover, counsel told the court at the sentencing hearing that Cooper suffered severe PTSD following his overseas tours.

{¶21} We hold that counsel did not render ineffective assistance, and we overrule the third assignment of error.

### *Conclusion*

{¶22} Having overruled Cooper's assignments of error, we affirm the trial court's judgment. But we remand for the trial court to issue a nunc pro tunc entry to correct the clerical error in its sentencing entry.

Judgment affirmed and cause remanded.

ZAYAS, P.J., and WINKLER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.